IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| TRENT DWIGHT FORD, and ) | |
| JILL NICOLE FORD, ) | Case No. 21-10574-SAH |
| ) | |
| Debtor(s). ) | |

### CREDITORS' REPLY TO DEBTORS' RESPONSE TO CREDITORS' MOTION TO EXTEND TIME FOR FILING COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND BRIEF IN SUPPORT

1. Creditors Chasity Frazier, Cheyenne Davis, Crystal Haney, Hunter Paige, Leah Vaughn, Mayra Ramirez, Melissa Coy, Selene Castro, Shawna Jones, Tracy Snyder, Vanessa Perez, and Shanna Cater ("Creditors") submit the following Reply to Debtors' Response to Motion to Extend Time for Filing Complaint to Determine Dischargeability of Debt [Doc. 45].

### ARGUMENT AND AUTHORITY

2. While Creditors acknowledge Debtors' assertion that Federal Bankruptcy Rules policy favors providing debtors with a "fresh start," Debtors should be reminded that "'a fresh start via bankruptcy discharge is a privilege, not a right' and **only the 'honest but unfortunate debtor' is entitled to the fresh start** provided by the discharge." *In re Easly*, Case No. 20-10360-SAH, Ch. 7, Adv. Pro. 20-01071-SAH, 2021 Bankr. LEXIS 232, *7-*8 (Bankr. W.D. Okla.) (citations omitted) (emphasis added). Further, Debtors' interests are not considered in a vacuum, because "Bankruptcy Code policies provid[e] '**to a substantial extent**, for the **balancing of the interests** of debtors **against those of creditors**.'" *In re Phouminh*, Bankr. Case No. 03-26899-HRT, Ch. 7, 2004 Bankr. LEXIS 979, *8 (Bankr. Colo.) (citations omitted) (emphasis added).

3. Tenth Circuit bankruptcy courts note that when determining whether cause for an extension exists, "the creditor must exhibit some minimum degree of due diligence prior to seeking

1

such extension." *Id.* Another factor Tenth Circuit bankruptcy courts weigh is "[t]he complexity of the case." *In re Nolen*, No. 7-07-11621 MA, 2007 Bankr. LEXIS 3747, *3, n.1 (Bankr. N.M.) Rather than cite to these 10th Circuit decisions, however, Debtors favor New York and Florida bankruptcy courts. Further, most courts have given the term "for cause" a liberal construction and have adopted the opinion that the bankruptcy court has complete discretion as to the meaning of "cause." *In re James,* 186 B.R. 395, 397 (Bankr.N.D.Ga.1995), citing *In re Surgis,* 46 B.R. 360, 362 (Bankr.W.D.Okla.1985); *In re Knobel*, 54 B.R. 458, 460.

4. Oklahoma takes a permissive approach to such requests for extensions, allowing for such requests even after the deadline. "If the deadline has already expired, a motion to extend time to object to discharge may be filed so long as it is filed before the discharge is entered and other conditions therein are met. *In re Turney*, No. 18-80674-TRC, 2019 Bankr. LEXIS 3934, at *3-4 (Bankr. E.D. Okla. Dec. 31, 2019). The *Turney* court notes that such extensions are considered upon a showing that the deadline should be tolled in equity. *Id.* In the present case, equity requires such a tolling given that Debtors have prohibited Creditors from gathering payroll information which would otherwise be readily available through Creditors' online payment portal. Upon termination, Creditors were blocked from obtaining their own financial records. Debtors, in part, seek their extension to allow time to compel the production of these records, if not from the Creditors themselves, then from the record keeping entity, Paycom.

5. Debtors' contention that Creditors have "made no attempt whatsoever" to investigate a potential objection is incorrect. While Debtors base this contention on a lack of depositions, which is not the only method of investigation, Creditors and Creditors' counsel have exercised a reasonable degree of due diligence in attempting to collect evidence of the amount of their claims, incriminating conversations with Debtors, researching Debtors and Debtors' assets,

2

communicating with the Trustee regarding the case, investigating whether criminal charges can be brought against Debtors, and settlement discussions with Debtors via Debtors' counsel. Ex. 1. Counsel for Creditors also attended and participated in the first Meeting of Creditors in both bankruptcies. Ex. 2 and Ex. 3. Creditors' counsel have logged 71.9 hours on this case through June 18, 2021. Ex. 1.

6. The deadline to object to the discharge was calculated based on the date the Meeting of the Creditors was originally scheduled for, which was April 14, 2021. However, the Meeting of the Creditors was continued by the Trustee and did not take place until April 21, 2021. Normally, under Rule 4004, the parties would be allowed sixty (60) days after the first date set for the meeting of the creditors, but the parties were given less here.

7. Creditors have had difficulty obtaining their paystubs due to Debtors' mismanagement of the payroll system and locking Creditors out of their own payroll records. Ex. 4. Some Creditors, such as Creditor Vaughn, have received paystubs with inaccurate information. Ex. 5.

8. This is a complex case. There are 12 individual Creditors, all with varying damages. Further, Debtors have two separate bankruptcy cases pending. Debtors' various business dealings, some of which continue to crop up post-filing, have created more issues to consider (see *In re Phouminh*, Bankr. Case No. 03-26899-HRT, Ch. 7, 2004 Bankr. LEXIS 979, *12 (Bankr. Colo.) ("The case appears to be somewhat complex in that the Debtor's estate may involve certain related businesses and in that her husband is not a debtor."). Additional evidence of Debtors' new identical business adds to the complexity of this case. Ex. 6.

9. Debtors have failed to pay Creditors their wages and have taken deductions of medical insurance that did not exist. Creditors' interest in continuing to investigate a potential

objection to discharge under 11 U.S.C. § 523(a) surely outweighs Debtors' interest in rushing toward discharge so they can get a "fresh start" building an identical company with assets from their now-defunct business, which closed without paying Creditors for their work.

10. The Acting United States Attorney for the Western District of Oklahoma on behalf of the Small Business Administration ("SBA") has requested to extend the deadline by sixty (60) days from the current deadline, to and through August 14, 2021 [Doc. 28]. The Court has already entered an Order granting this extension for the SBA [Doc. 39]. Additionally, the United States Trustee has requested to extend the deadline by ninety (90) days from the current deadline to September 13, 2021 [Doc. 32]. Counsel for Debtors have stated in their *Limited* Objection to the United States Trustee's motion that "Debtors would agree to a 45-day extension of the bar date." [Doc. 43]. Creditors agree with the United States Trustee that all parties-in-interest should have an additional ninety (90) days to determine whether objections to the Debtors discharge should be filed.

## CONCLUSION

11. For the reasons set forth above, Creditors respectfully request the Court to enter an Order extending the deadline for Creditors to object to the Debtors' discharge and/or dischargeability of certain debts owed to Creditors by ninety (90) days, or until September 13, 2021[1], and for all other relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Conner L. Helms*
Conner L. Helms, OBA No. 12115
Scott A. May, OBA No. 12115
**HELMS LAW FIRM**
One N.E. Second Street, Suite 202

---

[1] 90 days from June 14, 2021 is September 12, 2021. However, September 12, 2021 lands on a Sunday, thus moving the deadline to September 13, 2021.

Oklahoma City, OK 73104
Telephone: (405) 319-0700
Facsimile: (405) 319-9292
conner@helmslegal.com
scott@helmslegal.com
**Attorney for Chasity Frazier, Cheyenne Davis, Crystal Haney, Hunter Paige, Leah Vaughn, Mayra Ramirez, Melissa Coy, Selene Castro, Shawna Jones, Tracy Snyder, Vanessa Perez, and Shanna Cater**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2021, I electronically transmitted the above and foregoing Creditors' Reply to Debtors' Response to Creditors' Motion to Extend Time for Filing Complaint to Determine Dischargeability of a Debt and Brief in Support to the Clerk of the Court using the ECF System for filing and for transmitting a Notice of Electronic Filing to the ECF Registered Participants in the above-captioned proceeding.

*/s/ Conner L. Helms*
Conner L. Helms